IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT WILLIAM ALLEN,

                Plaintiff,             OPINION AND ORDER

    v.

                                              21-cv-348-wmc

SECURUS TECHNOLOGIES,
SHERIFF OF GREEN COUNTY JAIL
JEFFREY SKATRUD, LT. CURTIS QUINN,
DEPUTY ASHLEY FOSTER, and CHIEF
DEPUTY TOM MOCZYNSKI,

                Defendants.

*Pro se* plaintiff Robert Allen filed this proposed civil action under 42 U.S.C. § 1983, challenging a recent increase in telephone rates at the Green County Jail. Allen names as defendants Securus Technologies, the company that provides the jail's telephone service, and multiple Green County Jail employees. The court has screened Allen's complaint as required by 28 U.S.C. §§ 1915(e)(2), 1915A. Even construing Allen's complaint under the generous pleading standard applicable to *pro se* litigants, the court has concluded that Allen has failed to state a claim upon which relief can be granted and that permitting Allen the opportunity to amend would be futile. Therefore, this lawsuit must be dismissed for failure to state a claim upon which relief may be granted.[1]

OPINION

Allen alleges that on February 5, 2021, he was transferred to Green County Jail from

---

[1] Also pending is Allen's motion for assistance in recruiting counsel (dkt. #5), which the court will deny as moot.

a different correctional institution.² Although Allen previously paid just $0.01 per minute to call his family, Allen alleges that at the Green County Jail, interstate calls cost $3.00 to initiate, and every minute costs an additional $0.50. Allen alleges that the $75 his family paid into his telephone account has not been sufficient to call his family, and he has become depressed because he cannot call them. He seeks injunctive relief and monetary damages.

As unfortunate as the disparity in costs may be, Allen's allegations do not state a federal claim for relief. The Court of Appeals for the Seventh Circuit has rejected constitutional challenges to prison telephone rates. In *Arsberry v. State of Illinois*, 244 F.3d 558 (7th Cir. 2001), Illinois inmates, their family members and a public law firm, challenged the practice at an Illinois prison of granting one telephone company exclusive rights to provide inmate phone services in exchange for a percentage of revenues generated. *Id.* at 561. The Seventh Circuit held that telephone rates charged to institutionalized persons do not implicate First or Fourteenth Amendment rights, no matter how "exorbitant" the fee might be. *Id.* at 564. Accordingly, Allen's challenge to the telephone rates at the jail do not support a claim for violations of his constitutional rights cognizable under § 1983.³

Although the court's typical practice is to permit *pro se* litigants to amend their complaint to save it from dismissal, "[l]eave to amend need not be granted, however, if it

---

² In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

³ Allen explicitly invokes § 1983 as the basis for his claim in this court, but to the extent he would seek to proceed under this court's diversity jurisdiction under 28 U.S.C. § 1332, he may not, since he has not plead facts suggesting that he is a citizen of a different state than all defendants, nor that the amount in controversy exceeds $75,000.

is clear that any amendment would be futile." *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Allen's allegations and claims were clearly described in his complaint, leaving no room to infer that he was pursuing any other claim against defendants or was omitting facts that may give rise to a claim. Therefore, the court is dismissing this lawsuit for failure to state a claim upon which relief can be granted and further denying his motion for assistance in recruiting counsel as moot.

ORDER

IT IS ORDERED that:

1) Plaintiff Robert William Allen is DENIED leave to proceed on any claim in this lawsuit.

2) Plaintiff's motion for assistance in recruiting counsel (dkt. #5) is DENIED.

3) This case is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

4) The clerk of court is directed to record this dismissal as a "strike" against plaintiff under 28 U.S.C. § 1915(g) and close this case.

Entered this 28th day of March, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge